PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CHERYL A. BULLOCK, | CASE NO. 1:15-CV-2158 |
| Plaintiff, | |
| | JUDGE BENITA Y. PEARSON |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | **MEMORANDUM OF OPINION AND ORDER** |
| | [Resolving ECF No. 20] |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Attorney Fees under the Social Security Act, 42 U.S.C. § 406(b). ECF No. 20. Plaintiff requests an award of $21,205.25. Defendant opposes Plaintiff's request and asks the Court to reduce the award. ECF No. 21. Plaintiff filed a reply (ECF No. 22) and a Supplement to Plaintiff's Motion for Attorney Fees (ECF No. 24). The motion has been fully briefed. The Court has reviewed the record, the parties' briefs and the applicable law. For the reasons that follow, Plaintiff's motion is granted.

## I. Background

On September 14, 2012, Plaintiff Cheryl A. Bullock and her counsel executed a contingency agreement, entitling counsel to 25 percent of past-due benefits awarded to Plaintiff. ECF No. 20-8. Thereafter, Plaintiff's counsel represented Plaintiff, over a span of six years, in seeking a favorable ruling from the Social Security Administration ("SSA"). During this time, Plaintiff faced a number of initial denials of her social security benefits by Defendant. ECF No. 1. Between October 2015 and June 2016, Plaintiff's counsel represented Plaintiff in federal

(1:15CV2158)

court.  ECF No. 20-9.  On May 23, 2016, the Court issued an Order of Remand to the Commissioner of Social Security for further administrative proceedings.  ECF No. 17.  On June 30, 2016, the Court issued an Order approving the parties' Proposed Stipulation to award Plaintiff's counsel $4,100.00 in attorneys' fees under the Equal Access to Justice Act.  ECF No. 19.

On October 28, 2017, the SSA issued a Notice of Award for Plaintiff, granting Plaintiff's retroactive benefits in the amount of $83,233.00.  ECF No. 20-1.  The SSA also issued Notices of Award for Plaintiff's two minor children on the same date.  ECF No. 20-2.  On May 30, 2018, the SSA issued two letters titled "Important Information," granting retroactive benefits in the amount of $20,794.00 for each child.[1]  ECF No. 20-3.  Plaintiff's winning claim altogether generated $124,821.00 in past due benefits.  The SSA withheld 25 percent of Plaintiff's award ($31,205.25) pending approval of attorneys' fees.  ECF No. 20-4.  The Administrative Law Judge authorized, under 42 U.S.C. § 406(b), $10,000.00 in § 406(a) fees for services rendered before the agency.  ECF Nos. 20-5, 20-6.

Plaintiff moves the Court to approve, pursuant to 42 U.S.C. § 406(b), an attorney fee of $21,205.25 to be paid out of her total award of $124,821.00 in past due benefits to Attorney Matthew J. Shupe.  ECF No. 20.  Plaintiff asserts that the $21,205.25 fee, which represents 16.9 percent of her total award, is due to Mr. Shupe for 23.6 hours of work in the case before the

---

[1] In her Supplement to Plaintiff's Motion for Attorney Fees (ECF No. 24) Plaintiff clarifies that $20,794.00 in past due benefits is owed to each child.  The "Important Information" letters specify that each child will receive a $15,595.50 check for monies owed from September 2011 through July 2017 and that $5,198.50 of each child's benefits is currently being withheld for attorneys' fees.  (ECF No. 20-3).

2

(1:15CV2158)

Court. ECF No. 20-9. The Commissioner of Social Security ("the Commissioner") has responded in opposition to Plaintiff's motion, alleging that $21,205.25 would amount to a windfall. ECF No. 21.

**II. Law & Analysis**

Section 406(b) of Title 42 of the United States Code authorizes the Court to award attorneys' fees following the successful disposition of a Social Security disability appeal. 42 U.S.C. § 406(b). Pursuant to Section 406(b), Plaintiff's counsel may recover a "reasonable fee," not in excess of 25 percent of plaintiff's past-due benefits. Section 406(b) requires judicial review as an "independent check" to ensure that attorneys' fees are reasonable under the circumstances of the particular case. *Gisbrecht v. Barnhard*, 535 U.S. 789, 807 (2002). Where an attorney has received an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") and subsequently seeks fees under § 406(b), the attorney must return the lesser of the two awards to the plaintiff. See *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

The standards for reviewing a petition for attorneys' fees under 42 U.S.C. § 406(b), where a contingency fee has been agreed to, is set forth in the Sixth Circuit's decisions of *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (en banc) and *Hayes v. Sec'y of Health & Human Servs.* 923 F.2d 418 (6th Cir. 1990). In *Rodriquez*, the Sixth Circuit found that an award of 25 percent of past due social security benefits is presumptively appropriate so long as it is derived from a contingency fee agreement between counsel and the claimant permitting that amount to be charged. *Rodriquez*, 865 F.2d at 746. In *Hayes*, the Sixth Circuit concluded that "[a] calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the

3

(1:15CV2158)

Rodriquez analysis." *Hayes*, 923 F.2d at 422. The Sixth Circuit noted that where a contingency fee contract exists, a fee of twice the standard hourly rate is *per se* reasonable and establishes a floor for awarding of attorneys' fees below which the District Court may not ordinarily drop on grounds that counsel is receiving a windfall from an award in excess of his or her usual hourly rate. *Id*.

Nevertheless, attorneys' fees petitions are still subject to scrutiny and may be discounted by the District Court. Both *Rodriquez* and *Hayes* make clear that the District Court may reduce a fee request, especially one which asks for more than twice the standard hourly rate. *See Rodriquez*, 865 F.2d at 746; *see also Hayes*, 923 F.2d at 422 ("If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee."). Courts may reduce a fee request in two instances: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Id*. at 420-21. (emphasis in original) (internal citation omitted). Courts may also consider other relevant factors including the extent of counsel's services, the amount of time counsel spent on the case, the results counsel achieved, and counsel's fees in other cases. *See Gisbrecht*, 535 U.S. at 794.

Here, Plaintiff's counsel seeks 16.9 percent of Plaintiff's past-due benefits, totaling $21,205.25. According to Mr. Shupe's time-log, he expended a total of 23.6 hours representing Plaintiff before this Court. ECF No. 20-9. The Court's award of $21,205.25 in fees, therefore, when divided by 23.6 hours of work is equivalent to a § 406(b) hourly rate of $898.52. The

4

(1:15CV2158)

Commissioner alleges that Plaintiff's counsel would enjoy a windfall if awarded $21,205.25, as the "implied hourly rate of $898.52 is many times what the evidence suggests as Mr. Shupe's non-contingent market rate." ECF No. 21 at PageID #: 1029. Commissioner invites the Court to consider lower rates commonly awarded under the EAJA in the Northern District of Ohio for purposes of calculating a standard hourly rate for Mr. Shupe. ECF No. 21 at PageID #: 1024. The Sixth Circuit in *Gisbrecht*, however, instructs courts to consider the attorney's usual non-contingent rate and time expended representing her client in calculating a reasonable § 406(b) rate.² *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez*, 865 F.2d at 741). The Court, therefore, looks to Plaintiff's submission of the hours expended on her case and Mr. Shupe's standard billing rate. *Id*.

**A. Counsel's § 406(b) Hourly Rate Does Not Amount To A Windfall**

As noted above, and as both parties acknowledge, Plaintiff signed a binding contingency fee agreement with counsel. Contingency fee agreements in Social Security cases are given the weight ordinarily accorded to a rebuttable presumption. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) ("[O]ur precedent accords a rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25 percent cap.") (citing *Hayes*, 923 F.2d at 421 and *Rodriquez*, 865 F.2d at 746).

---

² While EAJA fees may be calculated using the hourly rate or "lodestar" analysis, the Sixth Circuit has held that, in applications for attorneys' fees under 42 U.S.C. § 406(b), it is "error for the district courts to reduce the attorney's fee award on the ground that the amounts called for by the [twenty-five percent] contingency agreements computed to high hourly rates." *Hayes*, 923 F.2d at 421. Therefore, for purposes of the *Hayes* windfall analysis, this Court disregards the Commissioner's invitation to consider lower EAJA rates and will use counsel's standard hourly rate as instructed by *Gisbrecht*.

5

(1:15CV2158)

As the Sixth Circuit has explained, a contingency fee agreement maintaining a fee of an hourly rate less than twice the "standard rate" for such work in the relevant market is *per se* reasonable and not a windfall. *Hayes*, 923 F.2d at 422. Where the rate exceeds this threshold, a fee request may *nonetheless* be reasonable. *Id*. Plaintiff has produced ample evidence that Mr. Shupe's standard hourly rate is $350.00. In her motion, Plaintiff provides a sworn statement as to Mr. Shupe's experience (ECF No. 20-10); a sworn statement from Legal Assistant Ms. Veal (ECF No. 20-12) stating that the hourly fee requested and routinely received on this matter is $350.00; and a sworn statement from Attorney Mosher (ECF No. 20-13) stating that a $350.00 per hour rate is consistent with the rates charged by attorneys with comparable experience in the Northen District of Ohio.

When Mr. Shupe's standard hourly rate is doubled in light of the *Hayes* reasonability analysis, it amounts to $700.00. The Court recognizes that an hourly rate of $898.52 unquestionably exceeds Mr. Shupe's doubled standard hourly rate. But as stated previously, Plaintiff's counsel received a prior payment of $4,100.00 in EAJA fees. Counsel prepares to promptly refund this amount to Plaintiff upon the Court's issuance of attorneys' fees pursuant to Section 406(b). *See* ECF Nos. 19, 20. A $4,100.00 deduction significantly lowers Mr. Shupe's calculated total award to $17,105.25 or 13.7 percent of Plaintiff's total recovery.[3] With $17,105.25 payable, Mr. Shupe's § 406(b) hourly rate amounts to roughly $725.00. This is a

---

[3] Accordingly, funds paid pursuant to the EAJA serve as a "reimbursement" to the claimant for fees paid out of her disability award. *See Jankovich*, 868 F.2d at 871.

(1:15CV2158)

reasonable amount, only slightly exceeding "twice" his standard hourly rate of $350.00. *Hayes*, 923 F.2d at 422. The Court finds Mr. Shupe's hourly rate to be warranted in light of the windfall analysis suggested by *Hayes*.

**B. The Character of Representation Warrants the Requested Award**

Next, the Court looks to the character of representation provided in this case to determine further reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 791. The Commissioner does not allege that Mr. Shupe engaged in improper conduct or expended only minimal effort in representing Plaintiff before the Court. ECF No. 21 at PageID #:1027 ("Commissioner has nothing unfavorable to say about the quality of Mr. Shupe's work in this case (or in general)[.]"). The Commissioner instead points to the limited number of years Mr. Shupe had practiced, at the time he worked on Plaintiff's case, as reason why the requested award is unwarranted.

Plaintiff has nonetheless demonstrated to the Court's satisfaction that Mr. Shupe is highly experienced in his field, noting Shupe's significant experience as managing attorney of an appellate practice at the time he worked on Plaintiff's case, his reputation for expertise in federal social security litigation among his colleagues, and his role as a frequent speaker at continuing legal education events around the state of Ohio. ECF No. 22 at PageID #: 1035. That Mr. Shupe had only been practicing law for three to four years at the time he performed the work in this case, does not counsel hesitation. In light of the results in this case and the recognition Mr. Shupe has garnered throughout this district for successfully representing social security plaintiffs in federal litigation, it is apparent that Mr. Shupe had significant experience in 2015 and 2016 when he worked on the matter. Plaintiff points to several cases, in which courts in this district,

7

(1:15CV2158)

recognized Mr. Shupe's level of experience and awarded him fees similar to those sought here. In each case, the courts acknowledge Mr. Shupe's standard rate of $350.00 as the starting point for assessing reasonableness. *See* [Reynolds v. Comm'r of Soc. Sec., 2019 WL 479116 (N.D. Ohio Feb. 7, 2019)](#) (Carr, J.) (§ 406(b) hourly rate of $901.40 for Attorney Shupe falls within the range of reasonable hourly rate); *see also* [Green v. Comm'r of Soc. Sec., 2017 WL 3394738 (N.D. Ohio Aug. 8, 2017)](#) (Burke, MJ.) (§ 406(b) hourly rate of $790.58 for Attorney Shupe falls within the range of reasonable hourly rate); *see also* [Scappino v. Comm'r of Soc. Sec., 2015 WL 7756155 (N.D. Ohio Dec. 1, 2015)](#) (Burke, MJ.) (§ 406(b) hourly rate of $745.86 for Attorney Shupe falls within the range of reasonable hourly rate).

It is fair to conclude that Mr. Shupe practices at the top of his profession and while he does not bring decades of experience to these matters, he practices on par with his more seasoned colleagues. Plaintiff's counsel has been diligent in this protracted social security dispute and there is no indication that the delay in achieving Plaintiff's social security benefits was fault of counsel. Further, the Court recognizes that Social Security practitioners accepting contingency fee arrangements bear the risk of non-payment in unsuccessful cases. In assessing the reasonableness of a contingency fee award, the Court does not ignore the fact that the social security attorney "will not prevail every time." [Royzer v. Sec'y of Health and Human Servs. 900 F.2d 981, 982 (6th Cir. 1990)](#). Contingency fees generally overcompensate in some cases and undercompensate in others. *[Id](#)*.

(1:15CV2158)

**C. Attorneys' Fees Recovered Under § 406(b) Account For Auxiliary Beneficiaries**

The Commissioner also argues that Mr. Shupe should not recover the requested award because Plaintiff's total retroactive benefits include past-due auxiliary benefits accrued from Plaintiff's two minor children. ECF No. 21 at PageID #:1029. Commissioner summarily states, that the auxiliary benefits increase the amount of counsel's recovery without "requiring any additional work" and therefore should be deducted. *Id*. Commissioner in asserting this argument, however, fails to regard Supreme Court precedent squarely addressing this issue. In *Hopkins v. Cohen*, the Supreme Court determined that the ceiling on § 406(b) attorney's fees is based on both the claimant's benefits and the benefits that dependent family members receive *by virtue* of the claimant's disability claim. *Hopkins v. Cohen*, 390 U.S. 530 (1968) (emphasis added); *see also Cortes v. Colvin*, 2014 WL 4472613, at *6 (N.D. Ohio Sept. 10, 2014) (White, MJ.) (finding that the § 406(b) fee ceiling should be calculated based on total past-due benefits awarded to both Plaintiff and his dependent family members, taking into account other reasonableness factors such as the standard hourly rate requested). Further, Plaintiff's signed contingency fee agreement explicitly contemplates that the calculation of attorneys fees to be paid in this case is inclusive of all past-due benefits for *both* Plaintiff and her dependents. ECF No. 20-8. The Court is not inclined to disregard the parties' agreement especially given that the requested fee is reasonable under *Hayes*.

Considering all the relevant factors and the Court's review for reasonableness, the Court finds that an award of $21,205.25 does not constitute a windfall in this case. Further, a fee of

(1:15CV2158)

$21,205.25 does not exceed the 25 percent statutory cap and the contingency fee that Plaintiff agreed upon and it is reasonable given "the character of the representation and the results of the representation achieved." *Gisbrecht*, 535 U.S. at 808.

### III. Conclusion

For the forgoing reasons, the Court grants Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 20). The Court hereby authorizes payment of a fee in the amount of $21,205.25 to Plaintiff's counsel Matthew J. Shupe. The EAJA fee in the amount of $4,100.00 shall be refunded by Plaintiff's counsel to Plaintiff forthwith.

IT IS SO ORDERED.

| | |
|---|---|
| January 17, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |